IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Joe Sturkey, ) | Civil Action No.: 8:10-1479-RMG-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Ms. Hudson, et al. ) | |
| ) | |
| Defendants. ) | |

The Plaintiff filed this prisoner civil rights action on June 4, 2010. Before the court is the Defendants' Motion to Dismiss, or, alternatively, for Summary Judgment. (Dkt. # 41.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

On August 25, 2010, the Defendants filed a Motion to Dismiss, or, alternatively, for Summary Judgment. (Dkt. # 41.) On August 26, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 42.) On November 9, 2010, the Plaintiff filed a response opposing the Defendants' Motion. (Dkt. # 66.)

**FACTS**

When the Plaintiff filed this action, he was incarcerated in the Allendale Correctional Institution ("ACI"). On June 30, 1010, approximately four weeks after he filed this action, he was transferred to the Kershaw Correctional Institution ("KCI") where he remains incarcerated today.

In his Complaint, the Plaintiff alleges that double celling in the Special Management Unit ("SMU") at ACI violates national prison accreditation standards which set forth a minimum amount of living space per prisoner. (Compl. at 6.)[1] The Plaintiff also alleges there is inadequate classification, security, staff, nutritional food, sanitation, management, ventilation, disciplinary procedures, and outdoor exercises at the ACI which create an unsafe and hazardous conditions in the SMU. (Compl. at 7.) Further, he alleges constitutional violations related to the use of chemicals against prisoners to enforce general rules and shaving and haircuts, the denial of cleaning supplies, and the psychological and mental effect of being housed in the SMU at ACI. (Compl. at 8.)

The Plaintiff also alleges that he filed grievances regarding the above allegations on May 7, 2010, and the Defendants Smith and Singleton violated his equal protection and due process rights by failing to properly handle these grievances and disciplinary proceedings. (Compl. 9-10.) In his Amended Complaint, the Plaintiff alleges the Defendant Freeman violated his constitutional rights by failing to protect him when she failed to inform officials that the Plaintiff had been in protective custody at ACI in 1991. The Plaintiff is seeking declaratory and injunctive relief and actual and punitive damages. (Compl. 11-13.)

## APPLICABLE LAW

**Motion to Dismiss Standard**

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint

---

[1] The undersigned notes the Plaintiff filed an Amended Complaint on June 22, 2010, (Dkt. # 15), in which he designated a particular party as a defendant and included a motion for class certification. The Plaintiff also filed what he designated as an Amended Complaint as an attachment to the original Complaint. (Dkt. # 1 - Attach. # 1.) In this Amended Complaint, the Plaintiff added a defendant. The majority of the Plaintiff's factual allegations are set forth in his original Complaint (Dkt. # 1) to which the undersigned cites to in the report. The Plaintiff's Motion for Class Certification was denied. (Dkt. # 36.)

2

to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 217-18 (4th Cir.1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the

3

disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION[2]

**Exhaustion**

The Defendants contend the Plaintiff did not exhaust his administrative remedies prior to bringing this action. The undersigned agrees.

---

[2]Initially, the undersigned notes that some of the declaratory relief requested by the Plaintiff is now moot as he is no longer incarcerated in the SMU at the ACI. *See Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009) (holding "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").

4

Exhaustion of administrative remedies prior to bringing a federal lawsuit is required by 42 U.S.C. § 1997e(a) (stating "No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). A prisoner has not exhausted all of his administrative remedies by "failing to follow the required steps so that remedies that once were available to him no longer are." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Exhaustion requires that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively. *Id.*

In order to exhaust the South Carolina Department of Corrections ("SCDC") administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official has sixty (60) days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983. 42 U.S.C. § 1997e.

The Plaintiff filed a grievance on May 7, 2010. (Compl. at 2 & Attach. # 3 at 13.) However, as the Plaintiff acknowledges, this grievance was returned unprocessed. *Id*. The Plaintiff filed copies of several grievances and requests to staff with his Complaint. (Compl.

5

Attach. # 3.) In her affidavit, Mary Coleman states that the Plaintiff filed four grievances. (Defs.' Mot. to Dismiss Attach. # - Mary Coleman Aff. ¶ 19.) These four grievances were returned unprocessed and the Plaintiff did not refile any of the grievances within the time allowed him or appeal any of these grievances by filing a Step 2 grievance. *Id.* Because the Plaintiff failed to completely exhaust the administrative remedies available to him, the Complaint must be dismissed.

Alternatively, the Plaintiff's claims also fail on the merits. As for the Plaintiff's claims regarding overcrowding, § 1983 claims based upon violations of the American Correctional Association standards are foreclosed by cases such as *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 n. 13 (1991)(citing *Bell v. Wolfish*, 441 U.S. 520, 544 n. 27 (1979) (holding "while the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima"). See also *Berry v. McBride*, 2004 WL 3266037 (S.D.W.Va. 2004)(unpublished)(holding that the standards for plaintiff's cruel and unusual punishment claim based on double bunking come from the Eighth Amendment, and not the American Correctional Association).

Furthermore, the Supreme Court has stated that double-celling inmates, by itself, does not constitute cruel and unusual punishment. *Rhodes v. Chapman,* 452 U.S. 337, 350 (1981). To prevail, the plaintiff must prove that the double celling combined with other substandard conditions of confinement "have a mutually enforcing effect that produce[d] the deprivation of a single, identifiable human need such as food, warmth, or exercise . . .," *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991), or that the double celling created an unreasonable risk of serious damage to his health, and that the defendants deliberately disregarded that risk, *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). The Plaintiff's claims regarding double celling consists of entirely conclusory allegations that the Defendants are double celling inmates creating an unsafe environment. *Neal v. Shimoda*, 131 F.3d 818,

828 (9th Cir.1997) ("[A] prisoner does not have a constitutional right to be housed at a particular institution, . . ., [or] to receive a particular security classification. . . .").

Furthermore, in regard to the remaining claims, the allegations are conclusory and the Plaintiff does not allege specific factual allegations against the named Defendants. He sets forth a laundry list of complaints. However, conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). Furthermore, the law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *See Trulock v. Freeh,* 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).

Finally, the Plaintiff has failed to allege that he suffered any injury. The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); *see also Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind.1997) (holding exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA). Without an

injury, the Plaintiff's claims fail. Accordingly, for the foregoing reasons, the Plaintiff's claims could alternatively be dismissed on their merits.

Based on the foregoing, it is recommended that the Defendants' Motion to Dismiss or, alternatively, for Summary Judgment (Dkt. # 41) be GRANTED and the Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

December 8, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**